## EMERY ET AL. v. HAWLEY.

NEW TRIAL.—A motion for a new trial will not be granted where two verdicts for the same party have already been rendered, the second for a larger amount than the first, where the amount involved is small, and where there is no probability that a verdict materially different would be arrived at by a jury, unless very great and manifest injustice has been done.

ERROR to the First Judicial District Court for Laramie County.

A sufficient statement of the case appears in the opinion of the court and briefs of counsel.　.　.

*E. P. Johnson and W. P. Carroll,* for plaintiff in error.

This case comes up from the first district. Plaintiffs in error were defendants below. This action was one in replevin for the recovery of a horse, and the case was tried at the May term, 1875. No exception was taken to the instructions of the court to the jury, but a motion for a new trial was made and filed by the plaintiffs in error, on the ground that the evidence did not support the verdict, which was in favor of Hawley for ten dollars damages, and against both of the defendants. The motion was overruled, and an exception taken, and a motion in arrest filed, the ground being a defective verdict, upon which no judgment could be rendered, which motion was also overruled, and the verdict amended by the court several days after its rendition, so that judgment could be rendered on the same; to all which exception was taken, and it is to correct those errors that the case is brought up.

I. The first error complained is that the motion for a new trial was overruled. It will be seen by the testimony that there was no proof of damage, and yet the jury assessed the damage at ten dollars. In that respect the motion was well founded, and should have been sustained; Second. No verdict could be against both of the defendants. The gist of the action of replevin, under our statute, is the wrongful detention of personal property. The action can only be maintained against one who has in fact or in law the control or possession of the property. The plaintiff must not only show that he is lawfully entitled to the property, but that the defendant unlawfully withholds it: Nash Pl. & Pr. 812; *Bank* v. *Dayton,* Sup. Ct. Wyo. The very ground upon which plaintiff below based her right to recover was that no title has ever passed to A. S. Emery, and that there had never been a delivery to him. If so, it is simply a legal impossibility that A. S. Emery should have wrongfully detained the horse, yet the verdict and judgment were against him as well as against George. Plaintiff's own tes-

timony shows that no demand was ever made on A. S. Emery.

On the other hand, if A. S. Emery did own a part of the horse, or if possession was given George by both Hawley and A. S. Emery, then George was not only justified in refusing to deliver to either without the order or consent of the other, but he would have been liable to the injured party had he done so, and the action cannot be supported by one joint owner of property. The very ground upon which recovery could be had against either would be a complete defense for the other. The verdict is contrary to all the evidence and the law. There is nothing to support it against both defendants.

II. The motion in arrest should have been sustained. The judgment must conform to the verdict: Laws of Wyoming, 1873, 94. No judgment could therefore have been entered on the verdict in this case, as the verdict was not entitled in the cause, but purported to be a verdict in some other cause in which neither plaintiff nor defendants were the same. The verdict is unintelligible. There was no evidence to support the assessment of damages against the defendants. There was no evidence to justify a judgment or verdict against both, if that is what is meant. The court below, while overruling the motion in arrest, admitted by implication that it was well taken in amending the verdict to make it responsive to the issue before rendering judgment, and thereby annulling the third error complained of, to wit, amendment of the verdict several days after the discharge of the jury, and upon its own motion.

Judgment must be in conformity with the verdict of the jury if a jury trial be had, and not the verdict of the court. The amended verdict was not the verdict of the jury, and the judgment thereon was erroneous and void. Again, it was error to amend the verdict of the jury without their consent prior to their discharge, in any material point: *Clark* v. *Irwin,* 9 Ohio, 131; *Patterson* v. *United States,* 2 Wheat. 221; *Sergeant* v. *State,* 11 Ohio, 472; *Blackley* v. *Shetton,* 7 John-

son, 32. That the amendment was material is shown in the necessity for a different verdict in the case, before judgment could be pronounced.

*Thomas J. Sheel,* for defendant in error.

This cause has been twice heard by jury, both verdicts for Hawley. The court refused to disturb the second verdict. No exception was taken to the charge of the court to the jury or to any act of the court, except the correction of the form of the verdict.

I. A third trial will rarely be granted, after the concurring verdict, unless some plain rule of evidence or principle of law be violated: 2 Tibb's Practice, note to p. 904 *et seq.* It seems from the note to be a matter resting in discretion of judge below.

II. The court had a right to correct the verdict: Laws Wyoming, 1873, p. 45, secs. 133, 134.

By the Court, THOMAS, J.: This was an action of replevin in the district court, brought by the said *Hawley* v. *Geo. A. Emery and A. L. Emery,* to recover the possession of a certain horse of the alleged value of three hundred dollars. No complaint whatever is made by the plaintiff in error that any error whatever was committed by the judge of the district court upon the trial of the case, until the coming in of the verdict in favor of the then plaintiff, now defendant in error.

This case was twice tried in said district court before a jury, and in each instance a verdict was returned in favor of the plaintiff, and upon the second occasion for a much larger amount than upon the first. While the jury upon the second trial could have very materially improved the form of their verdict, we are not of the opinion that under the circumstances, the court below would have been justified in setting aside the same and ordering a third trial.

Neither do we perceive under the circumstances, that any

error was committed by the district court affecting the rights of parties. And after two trials, upon each of which verdicts were rendered for the plaintiff, it would, we believe, require a very strong case to authorize the granting of another trial. The amount of damages for which the verdict is rendered is also very small. It may be said that that should not be taken into consideration by the court, as every person is entitled to his rights whether they relate to a large or a small sum. This is undoubtedly true to a very great extent, in fact in every case, until we reach the question of appeals. At that point it is apparent from the laws in reference to appeals to the supreme court of the United States and of this territory, that the amount involved is a most important question.

The judgment of the district court is affirmed, and a *writ of procedendo* ordered to Laramie county.